UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOPOKSIA TALAKO LUKSI, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-365 |
| LOUISIANA STATE PARISH OF ST. TAMMANY, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

The Court received a notice of removal from plaintiff,[1] attempting to remove a state criminal action.[2] The Court ordered the parties to show cause in writing why it has jurisdiction, and stayed the matter in the interim.[3] The parties submitted responsive filings.[4] Defendants requested in their filing that the Court remand the matter to state court.[5] Because no basis for removal exists, the Court remands the matter.

On March 3, 2018, defendant was arrested for various offenses, including felony weapon and drug charges.[6] Defendant was arraigned on

---

[1]   R. Doc. 1
[2]   *See id.* at 2.
[3]   *See* R. Doc. 6 at 2.
[4]   R. Doc. 7; R. Doc. 9.
[5]   *See* R. Doc. 9 at 5.
[6]   *See* R. Doc. 9-1 at 13.

July 18, 2018.[7]  On January 31, 2020, defendant sought to remove this criminal action to federal court.[8]

By statute, there are only "limited grounds for removal of state criminal prosecutions." *See Kruebbe v. Gegenheimer*, No. CV 15-6930, 2016 WL 1638056, at *1 (E.D. La. Apr. 25, 2016), *aff'd sub nom. Kruebbe v. Beevers*, 692 F. App'x 173 (5th Cir. 2017).  The Court does not find any of these grounds met here.

Sections 1442 allows removal of criminal actions commenced against, with some limitations, "[t]he United States or any agency thereof or any officer . . . thereof"; "[a] property holder whose title is derived from any such officer"; "[a]ny officer of the courts of the United States"; or "[a]ny officer of either House of Congress." *See* 28 U.S.C. § 1442(a).  Section 1442a similarly permits removal by "a member of the armed forces." *See* 28 U.S.C. § 1442a. Defendant suggests that he is an "enrolled Tribal National."[9]  But defendant has not argued, nor has the Court found, that he falls into any of the categories specified by statute.  As such, removal under Sections 1442 or 1442a is improper.

---

7      *See* R. Doc. 9-2.
8      R. Doc. 1.
9      *See* R. Doc. 7 at 3.

2

Section 1443 allows for removal of criminal actions that implicate civil rights concerns. Section 1443(2) allows removal of an action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This section, though, "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," *Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 417 F.3d 444, 446 (5th Cir. 2005) (per curiam) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966)), and upon "state officials . . . refus[ing] to follow [an] interpretation of state law because of a good faith belief that to do so would violate federal law," *id.* (quoting *Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946 (5th Cir. 1995)). Again, defendant has not argued, nor has the Court found, that he falls into any of these categories. As such, removal under Section 1443(2) is improper.

Section 1443(1) allows removal of an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "This provision has consistently been construed narrowly to require strict satisfaction of both

3

the 'civil rights' element and the 'enforcement' element intrinsic within it." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). In other words, "[f]irst, it must appear that the right allegedly denied the remov[ing] petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and "[s]econd, it must appear, in accordance with the provisions of § 1443(1), that the remov[ing] petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of [the] State.'" *Id.* (final alteration in original) (quoting *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979)). Defendant argues that he is "being Denied the Right of equal protection of Law."[10] Defendant has not identified, nor has the Court found, how his contentions satisfy both the civil rights and enforcement elements of the statute. As such, removal under Section 1443(1) is improper.

Finally, in addition to removal being substantively improper, it also is procedurally improper. Section 1455 provides the "[p]rocedure for removal of criminal prosecutions," 28 U.S.C. § 1455, and requires, among other things, that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except . . . for good cause shown," *id.*

---

[10]    *See* R. Doc. 7 at 3.

4

§ 1455(b)(1). Here, defendant was arraigned on July 18, 2018,[11] but he did not file his notice of removal until January 31, 2020.[12] Defendant's removal is therefore untimely. Furthermore, defendant has not proffered, nor does the Court find, good cause for this untimeliness. As such, removal of defendant's state criminal action to federal court is improper.

For the foregoing reasons, the Court REMANDS this matter to state court.

New Orleans, Louisiana, this __4th__ day of June, 2020.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] *See* R. Doc. 9-2.
[12] *See* R. Doc. 1.